FILED
CLERK, U.S. DISTRICT COURT
OCT 12 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN WERTH, aka "SUSAN WORTH," CORPORATE MYSTIC, LLC, COMMERCIAL EXCHANGE SOLUTIONS, INC. and EXCHANGE SOLUTIONS COMPANY,<br><br>Defendants. | Case No. CV 18-8436-SVW (JPRx)<br><br>[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; AND (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS |

This matter is before the Court upon the Consents of Defendants Susan Werth, Corporate Mystic, LLC, Commercial Exchange Solutions, Inc., and Exchange Solutions Company (collectively "Defendants") and the Stipulation of the SEC and Defendants (collectively, "the Parties") to Entry of a Preliminary Injunction and Orders: (1) Freezing Assets; (2) Requiring Accountings; and (3) Prohibiting the Destruction of Documents.

The Court, having previously issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; and (3) Prohibiting the Destruction of Documents' and have previously considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, as well as the Consents and Stipulations, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    Defendants have consented and the Parties have stipulated to the entry of a preliminary injunction on the terms below.

## I.

IT IS HEREBY ORDERED that the Parties' Consents and Stipulations are GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in

|   |    | interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; |
|---|---|---|
|   | B. | unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or |
|   | C. | making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h; |

in violation of Section 5(a) & (c) of the Securities Act, 15 U.S.C. § 77e(a) & (c).

### III.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A. employing any device, scheme or artifice to defraud;

    B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

|   |   |   |
|---|---|---|
| 1 | C. | engaging in any transaction, practice, or course of business which |
| 2 |    | operates or would operate as a fraud or deceit upon the purchaser; |

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of

| | |
|---|---|
| 1 | trust or other interest in real property, wherever located, of any one of the |
| 2 | Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or |
| 3 | in the possession or custody of any of them and from transferring, encumbering |
| 4 | dissipating, incurring charges or cash advances on any debit or credit card of the |
| 5 | credit arrangement of any one of the Defendants, or their subsidiaries and affiliates. |
| 6 | VI. |
| 7 | IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, |
| 8 | the assert freeze previously imposed by the TRO shall remain in place on all monies |
| 9 | and assets (with an allowance for necessary and reasonable living expenses to be |
| 10 | granted only upon good cause shown by application to the Court with notice to and |
| 11 | an opportunity for the SEC to be heard) in all accounts at any bank, financial |
| 12 | institution or brokerage firm, or third-payment payment processor, all certificates of |
| 13 | deposit, and other funds or assets, held in the name of, for the benefit of, or over |
| 14 | which account authority is held by Defendants, including but not limited to the |
| 15 | accounts listed below: |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| JP Morgan Chase | Corporate Mystic, LLC | XXXXX1833 |
| Comerica | Corporate Mystic, LLC | XXXXXX6160 |
| Comerica | Corporate Mystic, LLC | XXXXXX6202 |
| Comerica | Corporate Mystic, LLC | XXXXXX6376 |
| Comerica | Commercial Exchange Solutions | XXXXXX8511 |
| Comerica | Commercial Exchange Solutions | XXXXXX7942 |
| Comerica | Commercial Exchange Solutions | XXXXXX7959 |
| Bank of America | Commercial Exchange Solutions | XXXXXXXX7666 |
| Bank of America | Commercial Exchange Solutions | XXXXXXXX5879 |
| Wells Fargo | Commercial Exchange Solutions | XXXXXX6619 |
| Comerica | Exchange Solutions Company | XXXXXX8248 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Comerica | Exchange Solutions Company | XXXXXX8230 |
| Wells Fargo | Exchange Solutions Company | XXXXXX0797 |
| Wells Fargo | Exchange Solutions Company | XXXXXX7019 |
| Bank of America | Exchange Solutions Company | XXXXXXXX5811 |
| Bank of America | Exchange Solutions Company | XXXXXXXX5882 |
| TD Ameritrade | Susan Werth | xxxxx9081 |
| Bank of America | Susan M Werth | XXXXXXXX7193 |
| Bank of America | Amber J Werth and Susan M Werth | XXXXXXXX7000 |
| Bank of America | Claire C Werth and Susan M Werth | XXXXXXXX8339 |
| Wells Fargo | Exchange Development Company, Inc. | XXXXXX5002 |
| Wells Fargo | Exchange Development Company, Inc. | XXXXXX5010 |
| Wells Fargo | Exchange Development Company, Inc. | XXXXXX5028 |
| Comerica | Marron Abeilee Inc. | xxxxxx8206 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

**VII.**

IT IS FURTHER ORDERED that Defendants remain under a continuing obligation to prepare and deliver to the SEC, within 5 days of the entry of the TRO, a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The

accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of Donald W. Searles, counsel for the SEC. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## VIII.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

## X.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: Oct /11, 2018

UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Donald W. Searles*

Donald W. Searles
Attorney for Plaintiff
Securities and Exchange Commission

7