DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov
DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
M. LANCE JASPER (Cal. Bar No. 244516)
Email: jasperml@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN WERTH, aka "SUSAN WORTH," CORPORATE MYSTIC, LLC, COMMERCIAL EXCHANGE SOLUTIONS, INC. and EXCHANGE SOLUTIONS COMPANY,<br><br>Defendants. | Case No. CV 18-8436-SVW (JPRx)<br><br>**CONSENT OF DEFENDANTS SUSAN WERTH, CORPORATE MYSTIC, LLC, COMMERCIAL EXCHANGE SOLUTIONS, INC. and EXCHANGE SOLUTIONS COMPANY TO JUDGMENT OF PERMANENT INJUNCTION** |

1. Defendant Susan Werth ("Defendant"), in her individual capacity and in her representative capacity as the chief executive officer, sole owner, and operator of Defendants Corporate Mystic, LLC, Commercial Exchange Solutions, Inc. and Exchange Solutions Company ("Entity Defendants") (collectively, "Defendants"), acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    a. permanently restrains and enjoins Defendants from violations of Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5].

    b. continues the Court's prior orders freezing assets and prohibiting the destruction of documents until a final judgment is entered in this action.

3. Defendants agree that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] . Defendant further agrees that the amounts of disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from June 1, 2014 based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendants further agree that in

connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Judgment or any final judgment in this action, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Judgment or any final judgment in this action, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7. Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Judgment and any final judgment in this action with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Judgment or any final judgment in this action on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the SEC, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not

limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the SEC based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such

laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendants breach this agreement, the SEC may petition the Court to vacate the Judgment or any final judgment in this action and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendants agree that the SEC may present the Judgment to the Court for signature and entry without further notice.

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: 10/25, 2018



SUSAN WERTH, in her individual capacity and in her representative capacity as the chief executive officer, sole owner, and operator of Defendants Corporate Mystic, LLC, Commercial Exchange Solutions, Inc., and Exchange Solutions Company.

5

1  On October 25, 2018, Susan Margaret Werth a person known to me, personally appeared before me and acknowledged executing the foregoing
2  Consent.

_____
Notary Public
Commission expires: 12·07·2021



please see attached
CA acknowledgment

6

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __San Diego__ )

On __October 25, 2018__ before me, __Jacqueline M.C. Rivera, notary public__
(insert name and title of the officer)

personally appeared __Susan Margaret Werth__,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JACQUELINE M.C. RIVERA
Notary Public – California
San Diego County
Commission # 2221669
My Comm. Expires Dec 7, 2021

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 26, 2018, I caused to be served the document entitled **CONSENT OF DEFENDANTS SUSAN WERTH, CORPORATE MYSTIC, LLC, COMMERCIAL EXCHANGE SOLUTIONS, INC. AND EXCHANGE SOLUTIONS COMPANY TO JUDGMENT OF PERMANENT INJUNCTION** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 26, 2018            */s/ Donald W. Searles*
                                  Donald W. Searles

1

*SEC v. Susan Werth, et al.*
United States District Court—Central District of California
Case No. 2:18-cv-08436-SVW(JPRx)

**SERVICE LIST**

Shaun Khojayan (via ECF)
Law Offices of Shaun Kjohayan & Associates P.L.C.
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071
shaun@khojayan.com
*Counsel for Defendants Susan Werth, Corporate Mystic, LLC, Commercial Exchange Solutions, Inc., and Exchange Solutions Company*