1  DONALD W. SEARLES (Cal. Bar No. 135705)
   Email: searlesd@sec.gov
2  DOUGLAS M. MILLER (Cal. Bar No. 240398)
   Email: millerdou@sec.gov
3  M. LANCE JASPER (Cal. Bar No. 244516)
   Email: jasperml@sec.gov
4
5  Attorneys for Plaintiff
   Securities and Exchange Commission
   Michele Wein Layne, Regional Director
6  Alka N. Patel, Associate Regional Director
   Amy J. Longo, Regional Trial Counsel
7  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
8  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904



FILED
CLERK, U.S. DISTRICT COURT

DEC 2 0 2018

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN WERTH, aka "SUSAN WORTH," CORPORATE MYSTIC, LLC, COMMERCIAL EXCHANGE SOLUTIONS, INC. and EXCHANGE SOLUTIONS COMPANY,<br><br>Defendants. | Case No. CV 18-8436-SVW (JPRx)<br><br>[PROPOSED] JUDGMENT AS TO DEFENDANTS SUSAN WERTH, aka "SUSAN WORTH," CORPORATE MYSTIC, LLC, COMMERCIAL EXCHANGE SOLUTIONS, INC. and EXCHANGE SOLUTIONS COMPANY |

The Securities and Exchange Commission having filed a Complaint and Defendants Susan Werth, Corporate Mystic, LLC, Commercial Exchange Solutions, Inc., and Exchange Solutions Company (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

    A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    C.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a

        refusal order or stop order or (prior to the effective date of the
        registration statement) any public proceeding or examination under
        Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Section 5(a) & (c) of the Securities Act, 15 U.S.C. § 77e(a) & (c).

## II.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

|     |          |                                                                                      |
| --- | -------- | ------------------------------------------------------------------------------------ |
| 1   | A.       | employing any device, scheme or artifice to defraud;                                 |
| 2   | B.       | making any untrue statement of a material fact or omitting to state a                |
| 3   |          | material fact necessary in order to make the statements made, in the light           |
| 4   |          | of the circumstances under which they were made, not misleading; or                  |
| 5   | C.       | engaging in any act, practice, or course of business which operates or               |
| 6   |          | would operate as a fraud or deceit upon any person;                                  |

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that, until a final judgment is entered in this action and except as otherwise ordered by this Court, Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## V.

IT IS FURTHER ORDERED that, until a final judgment is entered in this action and except as otherwise ordered by this Court, the assert freeze previously imposed by the TRO shall remain in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good

cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants, including but not limited to the accounts listed below:

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| JP Morgan Chase | Corporate Mystic, LLC | XXXXX1833 |
| Comerica | Corporate Mystic, LLC | XXXXXX6160 |
| Comerica | Corporate Mystic, LLC | XXXXXX6202 |
| Comerica | Corporate Mystic, LLC | XXXXXX6376 |
| Comerica | Commercial Exchange Solutions | XXXXXX8511 |
| Comerica | Commercial Exchange Solutions | XXXXXX7942 |
| Comerica | Commercial Exchange Solutions | XXXXXX7959 |
| Bank of America | Commercial Exchange Solutions | XXXXXXXX7666 |
| Bank of America | Commercial Exchange Solutions | XXXXXXXX5879 |
| Wells Fargo | Commercial Exchange Solutions | XXXXXX6619 |
| Comerica | Exchange Solutions Company | XXXXXX8248 |
| Comerica | Exchange Solutions Company | XXXXXX8230 |
| Wells Fargo | Exchange Solutions Company | XXXXXX0797 |
| Wells Fargo | Exchange Solutions Company | XXXXXX7019 |
| Bank of America | Exchange Solutions Company | XXXXXXXX5811 |
| Bank of America | Exchange Solutions Company | XXXXXXXX5882 |
| TD Ameritrade | Susan Werth | xxxxx9081 |
| Bank of America | Susan M Werth | XXXXXXXX7193 |
| Bank of America | Amber J Werth and Susan M Werth | XXXXXXXX7000 |
| Bank of America | Claire C Werth and Susan M Werth | XXXXXXXX8339 |

| BANK NAME | ACCOUNT NAME | ACCOUNT NO. |
|---|---|---|
| Wells Fargo | Exchange Development Company, Inc. | XXXXXX5002 |
| Wells Fargo | Exchange Development Company, Inc. | XXXXXX5010 |
| Wells Fargo | Exchange Development Company, Inc. | XXXXXX5028 |
| Comerica | Marron Abeilee Inc. | xxxxxx8206 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VI.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## VII.

IT IS FURTHER ORDERED that, until a final judgment is entered in this action and except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any

documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 1, 2014, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

### XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated: Dec 20, 2018

UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Donald W. Searles

Donald W. Searles
Attorney for Plaintiff
Securities and Exchange Commission